**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY LEE WILLIAMS,

Defendant-Appellant.

No. 08-3100
(D.C. No. 07-CV-01339-JTM)
(D. Kan.)

---

**ORDER**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Defendant, a federal prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2255 habeas petition. In his habeas petition, Defendant asserted that he received ineffective assistance of counsel in his federal jury trial for being a felon in possession of a firearm. The petition contained only one sentence in support: "Counsel did not raise issues in which he was instructed to raise did not request expert for jury to hear testify."[1]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] In his application for a certificate of appealability, Defendant states that he was asserting in his petition that counsel should have raised a justification defense and presented expert testimony that Defendant's fingerprints were not

(continued...)

(R. Doc. 102 at 4.)  The district court concluded that this conclusory claim did not warrant relief, noting that Defendant had "supplie[d] no supporting evidence to show that credible arguments were in fact neglected by counsel or that any expert testimony was available which would have materially assisted his case."  (R. Doc. 106 at 2.)

To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to meet this burden, Defendant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully reviewing Defendant's filings in this court, the district court's disposition, and the record on appeal, we conclude that reasonable jurists would not debate the district court's conclusion that Defendant failed to establish ineffective assistance of counsel under the standard set forth in *Strickland v.*

---

[1](...continued)
found on the firearm.  However, nothing he presented to the district court even remotely alluded to the justification defense or fingerprint evidence.  In addressing Defendant's request for a certificate of appealability, we do not consider the specific theories he now raises, which were at best raised "in a vague and ambiguous way" before the district court.  *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.), *op. am. on other grounds*, 103 F.3d 80 (10th Cir. 1996).

*Washington*, 466 U.S.668 (1984).  Accordingly, for substantially the reasons set forth by the district court, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge